21-2136-cv
Colony Grill Dev. LLC v. Colony Grill Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-two.

PRESENT: John M. Walker, Jr.,
Steven J. Menashi,
Eunice C. Lee,
*Circuit Judges.*

———————————————————————

COLONY GRILL DEVELOPMENT, LLC, FAIRFIELD
COLONY, LLC,
*Plaintiffs-Counter-Defendants-Appellees*,

CODY L. LEE, CHRISTOPHER DRURY, PAUL CONIGLIO,
KENNETH M. MARTIN,
*Counter-Defendants-Third-Party-Defendants-Appellees*,

v.                                                              No. 21-2136

COLONY GRILL, INC.,
*Defendant-Counter-Claimant-Third-Party-*

*Plaintiff-Appellant,*

COLONY GRILL OF STAMFORD, LLC,
    *Defendant-Counter-Claimant-Third-Party-Plaintiff.*

—————————————————————

| | |
|---|---|
| *For Plaintiffs-Counter-Defendant-Appellees and Counter-Defendants-Third-Party-Defendants-Appellees*: | DAVID J. WOLFSOHN (Tyler R. Marandola, Brianna M. Vinci, *on the brief*), Duane Morris LLP, Philadelphia, PA. |
| *For Defendant-Counter-Claimant-Third-Party-Plaintiff-Appellant*: | JOHN R. HORVACK, JR. (Damian K. Gunningsmith, Fatima Lahnin, *on the brief*), Carmody Torrance Sandak & Hennessey LLP, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** for further consideration consistent with this order.

Appellant Colony Grill, Inc. ("CGI") appeals from the denial of its motions for a preliminary injunction by the U.S. District Court for the District of Connecticut (Thompson, J.). CGI sought a preliminary injunction based on its claims that the counter-defendants breached a licensing agreement and therefore were improperly utilizing CGI's trademark, trade secrets, and licensed "know-how" and were in violation of a covenant not to compete with CGI. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I**

Since 1989, CGI has owned Colony Grill, a pizza restaurant in Stamford, Connecticut. In 2010, CGI licensed its Colony Grill trademark and "know-how" for use in opening one additional location to Colony Grill of Stamford ("CGS"), which sublicensed the trademark to Fairfield Colony LLC ("FCLLC"). In 2012, CGI licensed the trademark and certain "know-how" to CGS for broader use, and CGS sublicensed the same to Colony Grill Development ("CGD"). CGD subsequently opened multiple other Colony Grill locations. In 2019, FCLLC and CGD ceased paying royalties to CGI under the licensing agreements. FCLLC and CGD filed a

3

lawsuit asserting that CGI and CGS had abandoned the trademark through naked licensing. CGI and CGS terminated the licenses in April 2020 and subsequently filed counterclaims for trademark infringement, trade secret violations, and breach of contract.

In October 2020, CGI and CGS moved for a preliminary injunction to prevent FCLLC and CGD from opening a new Colony Grill restaurant in Virginia using the Colony Grill trademark and from using or disclosing the Colony Grill trade secrets. In April 2021, CGD and FCLLC's attorneys sent letters to CGI and CGS detailing a plan to transition from the Colony Grill trademark to a new brand name. In May 2021, CGI and CGS filed a second motion for a preliminary injunction to restrain CGD and FCLLC from using the Colony Grill trademark, operating any pizza business within 15 miles of any existing or future Colony Grill Restaurant, using or disclosing confidential information, misappropriating trade secrets relating to recipes, and using or disclosing recipes and cooking techniques needed to make and sell Colony Grill pizza.

The district court denied both motions for a preliminary injunction. The district court concluded that the mandatory injunction standard applied, and it

4

held that there was no substantial likelihood of success on the merits or serious questions going to the merits and the balance of hardships tipping decidedly in favor of the moving parties, no irreparable harm, and that the public interest and the balance of the hardships weighed against the moving parties.

**II**

We review the denial of a preliminary injunction for "abuse of discretion." *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012). A district court has abused its discretion if it "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) (quoting *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009)). We review factual findings under a standard of clear error, and legal conclusions *de novo*. *Id.*

On appeal, CGI argues only that the district court erred in failing to grant a preliminary injunction based on its trademark infringement claim and does not argue that the district court erred with respect to its other requests for relief. Thus, CGI has waived those arguments. *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184

(2d Cir. 2006) ("[The plaintiff] does not press [this argument] on appeal. The argument is therefore waived, and we will not consider it.") (citing *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)). We therefore confine our review to the request for a preliminary injunction to restrain the use of CGI's trademark and the district court similarly will be confined to that request on remand. We conclude that the district court made two errors that require remand.

First, the district court reviewed the request for a preliminary injunction under the standard applicable to a mandatory rather than a prohibitory injunction. An injunction to restrain the use of a trademark is prohibitory. *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 114 (2d Cir. 2006) ("A prohibitory injunction is one that forbids or restrains an act. For example, in the typical trademark case a prohibitory injunction seeks to stop alleged infringement.") (internal quotation marks and citation omitted). The district court concluded that the injunction was mandatory because, based on CGI's interpretation of a covenant not to compete into which the parties entered, an injunction enforcing that covenant would require existing restaurants not only to rebrand but also to cease serving pizza, which would require the restaurants to close. The district

6

court rejected that interpretation of the covenant, suggesting that "the plain meaning of the language in the non-competition clauses" would not require the closure of restaurants. Special App'x 8. Nevertheless, when evaluating the balance of harms and the public interest the district court stated that "if the motions are granted" then CGD and FCLLC "would have to close restaurants." *Id.* at 6. That is inconsistent with the district court's own determination about what the covenant requires. In any event, no party argues that a preliminary injunction enjoining the use of the Colony Grill trademark would require restaurants to close rather than simply to rebrand. On remand, therefore, the district court must consider the balance of harms and the public interest associated with CGI's request for a preliminary injunction based on its trademark infringement claim, apart from the assumption that granting such relief would require the closure of restaurants.

Second, in evaluating the likelihood of success on the merits, the district court took insufficient account of the licensing agreements to which the parties agreed. In the agreements, CGD and FCLLC agreed not to "challenge the validity or Licensor's ownership of the Licensed Marks and Logo and the Licensed Know-How." App'x 530; *id.* at 481. The lawsuit filed by CGD and FCLLC, however, does

7

challenge that validity and ownership. The district court did not explain why CGI would not be able to enforce this term of the agreements and thereby prevail on the merits of its trademark infringement claim.

At oral argument, CGD and FCLLC acknowledged that the standard principles applicable to licensees would bar the naked licensing lawsuit. *See Idaho Potato Comm'n v. M & M Produce Farm & Sales*, 335 F.3d 130, 135 (2d Cir. 2003) ("The general rule of licensee estoppel provides that when a licensee enters into an agreement to use the intellectual property of a licensor, the licensee effectively recognizes the validity of that property and is estopped from contesting its validity in future disputes."); *HSW Enters., Inc. v. Woo Lae Oak, Inc.*, No. 08-CV-8476, 2009 WL 4823920, at \*2 (S.D.N.Y. Dec. 15, 2009) ("Licensee estoppel is an equitable doctrine that bars a licensee from disputing the validity of the licensor's trademark on the theory that in entering the agreement, the licensee has assented to the validity of the mark."). CGD and FCLLC argued, however, that an exception to licensee estoppel should apply because "it's a factual analysis that considers the public interest and whether there is going to be misleading of the public and in this case there can be no misleading." Oral Argument Audio Recording at 31:52.

8

The district court should consider whether such a showing would be sufficient to overcome licensee estoppel. Generally, a licensee bears the burden of showing that *enforcement of the licensing agreement* would cause an injury to the public through confusion. *See HSW Enterprises*, 2009 WL 4823920, at *3 ("When weighing the public interest at stake in the challenge to the license, the party seeking rescission of the contract must show more than mere likelihood of confusion. A party entering into an agreement with respect to a trademark will be held to his contract unless enforcement of the contract would result in *injury* to the public through confusion.") (internal quotation marks and alterations omitted). We need not resolve that issue on appeal because the district court did not address it in evaluating CGI's motion. We remand for the district court to decide in the first instance what effect, if any, the licensing agreements, which provide that CGD and FCLLC agreed not to "challenge the validity or Licensor's ownership of the Licensed Marks and Logo and the Licensed Know-How," App'x 530, has on CGI's likelihood of success on the merits of its trademark infringement claim and

9

whether CGD and FCLLC are barred by licensee estoppel from challenging the validity and ownership of the trademark.[1]

If CGI has a likelihood of success, it gives rise to a presumption that CGI would suffer irreparable harm in the absence of an injunction, 15 U.S.C. § 1116(a), and the district court would need to determine whether that presumption has been rebutted. In evaluating the issue of irreparable harm, the district court suggested that such a presumption would be rebutted because CGD and FCLLC "have only enhanced the value of the brand" and "there is no evidence of any plan on the part of [CGI] to actually compete in the restaurant business in the near future." Special App'x 4-5. We note, however, that a trademark holder's loss of control of the trademark may cause harm even if an alleged infringer is running a successful business with use of the mark. *See Church of Scientology Int'l v. Elmira Mission*, 794 F.2d 38, 44 (2d Cir. 1986) ("Denying a preliminary injunction in this case—where the district court found a likelihood of confusion—puts the Church's reputation beyond its own control. And, it is that loss of control which is the very thing that

---

[1] We express no view on the merits of the argument that CGD and FCLLC made before the district court and repeated at oral argument that CGI's federal trademark is not within the scope of the licensing agreements.

10

constitutes irreparable harm in the licensing context."); *see also Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2d Cir. 2009) ("One of the most valuable and important protections afforded by the Lanham Act is the right to control the quality of the goods manufactured and sold under the holder's trademark.") (quoting *El Greco Leather Prod. Co. v. Shoe World, Inc.*, 806 F.2d 392, 395 (2d Cir. 1986)). Moreover, a trademark holder may compete in the marketplace as a licensor rather than an operator. *Church of Scientology*, 794 F.2d at 45 ("Once a licensor authorizes a licensee to use the mark in a particular area, he has demonstrated his desire to expand into that area, and when his licensee loses that authorization, he should not have to prove its intention to re-erect a *new* presence in the area.").

The district court should address these considerations when determining whether CGI has demonstrated irreparable harm, in addition to analyzing whether monetary damages would be an adequate remedy. We remand for the district court to consider the request for a preliminary injunction to restrain use of the trademark.

We have considered all the remaining arguments, which we conclude are

11

without merit. Accordingly, we **VACATE** and **REMAND** the judgment of the district court with respect to the request for injunctive relief on the trademark claim and **AFFIRM** the judgment of the district court with respect to the remaining claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12